**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CLEAR WITH COMPUTERS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:09CV481 (LEAD)** |
| | § | **CONSOL. WITH 6:09CV95** |
| **BERGDORF GOODMAN, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| **CLEAR WITH COMPUTERS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:09 CV 479** |
| **vs.** | § | |
| | § | |
| **HYUNDAI MOTOR AMERICA, INC.,** | § | |
| **Defendant.** | | |

**MEMORANDUM OPINION AND ORDER**

Defendants' motion to compel (Docket No. 504 in 6:09cv95 and Docket No. 111 in 6:09cv479) and Clear With Computers' ("CWC") motion for protective order (Docket No. 503 in 6:09cv95) are before the Court. Defendants seek to compel production, and CWC moves for protection, of CWC's communications related to the negotiations of already-produced license agreements to the patents-in-suit. Having considered the parties' written submissions and oral arguments, the Court **GRANTS** the motions to compel and **DENIES** the motion for protective order.

## BACKGROUND

CWC, formerly Orion IP LLC, has sued numerous defendants on the patents-in-suit. To date, only one defendant has proceeded to trial; CWC has settled with all of the other defendants. CWC has produced the actual settlement agreements with those settling defendants. Defendants now seek CWC's and Orion's communications related to the settlement agreements. In other words, Defendants seek production of the negotiations that ultimately led to the settlement agreements.

## APPLICABLE LAW

Parties may obtain discovery regarding any nonpriviledged matter that is relevant to any claim or defense. FED. R. CIV. P. 26(b). Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id.*

In *ResQNet.com, Inc. v. Lansa, Inc.*, the Federal Circuit commented that "the most reliable license in this record arose out of litigation." 594 F.3d 860, 872 (Fed. Cir. 2010). Based on *ResQNet.com*, some courts have held that settlement licences are admissible to prove a reasonable royalty while other courts have held that they are not. *Compare Datatreasury Corp. v. Wells Fargo & Co.*, Case No. 2:06cv72, 2010 WL 903259 (E.D. Tex. Mar. 4, 2010) (Folsom, J.) (denying a motion *in limine* and admitting litigation-related licenses because concerns regarding the reliability of the licenses are better directed towards weight) *with Fenner Invs., Ltd. v. Hewlett-Packard Co.*, Case No. 6:08cv273, 2010 WL 1727916 (E.D. Tex. Apr. 28, 2010) (Love, Mag. J.) (granting-in-part a motion *in limine* precluding settlement agreements because their potential for prejudice and jury confusion substantially outweighed any probative value). This Court has held that "that the admissibility of litigation licenses—like all evidence—must be assessed on a case-by-case basis, balancing the potential for unfair prejudice and jury confusion against the potential to be a 'reliable

license.'" *ReedHycalog UK, Ltd. v. Diamond Innovations Inc.*, ___ F. Supp. 2d ____, 2010 WL 3021550 at *3 (E.D. Tex. Aug. 2, 2010) (Davis, J.).

**ANALYSIS**

CWC contends it should not be forced to produce the settlement-related communications because production would be unduly burdensome, the settlement agreements contain merger clauses, and the communications are privileged and inadmissible. Defendants contend that the communications are necessary to determine the settlement agreements' admissibility at trial.

Although other courts in this District are split on whether litigation induced settlement agreements are admissible at trial, this Court takes a case-by-case approach to the issue. *See ReedHycalog UK, Ltd.*, ___ F. Supp. 2d at ____, 2010 WL 3021550 at *3. Whether the settlement agreements are admissible will likely depend on whether they are an accurate reflection of the inventions' value. *ResQNet.com, Inc.,* 594 F.3d at 869 ("the trial court must carefully tie proof of damages to the claimed invention's footprint in the market place"). In this case, the settlement communications are likely to be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation. *See ReedHycalog UK, Ltd.*, ___ F. Supp. 2d at ____, 2010 WL 3021550 at *2. Defendants have demonstrated that, even within the same type of industry, different companies have settled for vastly different amounts. Companies with higher internet sales revenues have settled for less than companies with much lower internet sales revenues. Thus, the settlement amounts do not seem to be correlated to the companies' potential damages exposure. Additionally, some companies have had secondary agreements that have required them to pay less than the original settlement amount. The settlement communications will likely explain these inconsistencies.

CWC argues that the settlement agreements contain merger clauses, but this is beside the point. Defendants do not contend that the communications will affect the terms of the agreements. Rather, the communications may be relevant to explain the settlement agreements and shed light on whether the settlement agreements accurately reflect the inventions' value.

Moreover, in this case, the settlement agreements will likely be the only licenses of the patents-in-suit, making an accurate understanding of them more important. CWC's business is to litigate and license the patents; it does not compete with Defendants in the marketplace. CWC has not shown that there are other non-litigation licenses that reflect the value of the invention. Therefore, the settlement negotiations have increased relevance, and the prejudice to CWC is of decreased significance. The Court expects that its finding here allowing discovery will be the exception, not the rule, and in most cases discovery of the negotiations will not be warranted. Additionally, communications that are privileged on grounds other than a claimed settlement privilege remain privileged. Thus, documents protected under a mediation privilege[1] or as attorney-client communications are still not discoverable.

CWC contends that production of the communications will be overly burdensome given the number of agreements at issue and the number of different attorneys that have represented Orion and CWC. Defendants contend that one individual has been involved in nearly all of Orion's and CWC's negotiations and CWC overstates the difficulty of collecting the communications. While producing the communications will create some hardship for CWC, Defendants' need for the documents outweighs this concern given that there are no non-litigation licenses that can be used to value the

---

1 *See* Local Rules Appendix H, Court-Annexed Mediation Plan at VII. Confidentiality.

patents-in-suit and the inconsistencies among the litigation settlement agreements.

## CONCLUSION

Accordingly, the Court **GRANTS** the motions to compel and **DENIES** the motion for protective order.

**So ORDERED and SIGNED this 29th day of November, 2010.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**